**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| VILMA TATIANA LEIVA-MOLINA, <br><br> Petitioner, <br><br> v. <br><br> ERIC H. HOLDER, Jr., Attorney General, <br><br> Respondent. | No. 08-73849 <br><br> Agency No. A098-598-717 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 15, 2011[**]

Before:    CANBY, O'SCANNLAIN, and FISHER, Circuit Judges.

Vilma Tatiana Leiva-Molina, a native and citizen of El Salvador, petitions

pro se for review of the Board of Immigration Appeals' order dismissing her

appeal from an immigration judge's decision denying her application for asylum

and withholding of removal. We have jurisdiction under 8 U.S.C. § 1252. We

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument. See Fed. R. App. P. 34(a)(2).

review for substantial evidence factual findings, *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006), and we review de novo due process claims, *Vasquez-Zavala v. Ashcroft*, 324 F.3d 1105, 1107 (9th Cir. 2003). We deny the petition for review.

Substantial evidence supports the agency's finding that Leiva-Molina failed to demonstrate the harm she suffered at the hands of her boyfriend and gang members rises to the level of past persecution. *See Hoxha v. Ashcroft*, 319 F.3d 1179, 1182 (9th Cir. 2003) (harm was "disturbing and regrettable" but not severe enough to constitute persecution). Substantial evidence also supports the agency's finding that Leiva-Molina does not have a well-founded fear of future persecution because she failed to show that the government of El Salvador was unwilling or unable to help her, *see Castro-Perez v. Gonzales*, 409 F.3d 1069, 1072 (9th Cir. 2005), and that she cannot relocate within El Salvador to avoid harm, *see Kaiser v. Ashcroft*, 390 F.3d 653, 659 (9th Cir. 2004) (in the absence of a presumption of a well-founded future fear, the petitioner has the burden of proving that relocation is unreasonable). Accordingly, Leiva-Molina's asylum claim fails.

Because Leiva-Molina failed to meet the lower burden of proof for asylum, it follows that she has not met the higher standard for withholding of removal. *See Zehatye*, 453 F.3d at 1190.

Finally, we reject Leiva-Molina's contention that holding her merits hearing by video conference violated her due process rights because a video conference is a proper means for holding a merits hearing, 8 U.S.C. § 1229a(b)(2)(A)(iii), and Leiva-Molina has not identified any "indiscernible" portion of her testimony that bears on her eligibility for asylum, *see Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (petitioner must show error and prejudice to establish a due process violation).

**PETITION FOR REVIEW DENIED.**